# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARCUS CAVANAUGH,<br><br>                Plaintiff,<br>v.<br><br>M.D. DILIP K. TANNAN, R.N. SANDRA MCARDLE, and M.D. THOMAS W. GROSSMAN,<br><br>                Defendants. | Case No. 20-CV-108-JPS<br><br><br>**ORDER** |

      Plaintiff Marcus Cavanaugh, a prisoner proceeding in this matter *pro se*, filed a complaint alleging that Defendants Dr. Dilip Tannan ("Tannan"), R.N. Sandra McArdle ("McArdle"), and Dr. Thomas Grossman ("Grossman"), collectively ("Defendants"), violated the Eighth Amendment by acting with deliberate indifference to his serious medical needs. (Docket #1). On March 2, 2020, the Court screened the complaint and determined that Plaintiff did not provide enough facts to state a claim for relief. (Docket #7). Specifically, the Court noted that critical information was lacking regarding: (1) what involvement Tannan had with Plaintiff's medical care; (2) what involvement McArdle had with Plaintiff's medical care; and (3) how Tannan's, McArdle's, and Grossman's treatment was so poor as to demonstrate a complete lack of medical judgment on the part of the Defendants. (*Id.* at 5–6). The Court directed Plaintiff to file an amended complaint addressing these deficiencies. (*Id.* at 6).

      On March 20, 2020, Plaintiff filed an amended complaint. (Docket #8). Because the amended complaint largely reiterates the allegations from his original complaint and provides no new, relevant details, the Court will

dismiss this case for failure to state a claim. The Court will briefly explain its decision below.

In the amended complaint, as in the original, Plaintiff alleges that he hurt his knee in May 2016 while incarcerated at Oshkosh Correctional Institution ("OCI"). (Docket #8 at 2). He states that while at OCI, his primary caregiver was Tannan. Plaintiff was initially given ibuprofen and ice to treat the knee. (*Id.*) Plaintiff continued to experience pain and so complained repeatedly to the health services unit. (*Id.*) In September 2016, Plaintiff was given a steroid shot. This helped the pain for a few months, but it eventually returned.

Plaintiff was given an MRI in December 2016. It showed that his knee was badly damaged. Plaintiff met with Grossman, a specialist at Waupun Memorial Hospital, who recommend meniscus surgery. Grossman explained to Plaintiff that his knee issues stemmed from fluid buildup, which had been caused either by not receiving further treatment for the knee right after the injury, or from the steroid shot itself. Grossman wanted to do the meniscus surgery now and felt that a knee replacement would be needed later. Grossman further stated that Plaintiff would start experiencing arthritis in the knee.

Plaintiff had the surgery and subsequently went through physical therapy. This helped the pain for a period of months. The pain had returned by the time Plaintiff was transferred to the Wisconsin Secure Program Facility ("WSPF"). McArdle was Plaintiff's primary caregiver at that facility. Plaintiff claims that the pain got worse at WSPF, though he was only prescribed pain medications and ice.

Plaintiff eventually went to see another (unnamed) off-site specialist. He confirmed that Plaintiff's pain was due to arthritis. The specialist told

Plaintiff that he was too young for a knee replacement. The only treatment options the specialist could offer were another steroid shot or ibuprofen and ice. Plaintiff refused the shot and so has continued on the regimen of pain medication and ice. Plaintiff complains that he still has knee pain to this day.

The only new information Plaintiff provided in his amended complaint is as follows. Tannan, McArdle, and Grossman all knew about Plaintiff's knee injury and refused to property treat it by providing surgery. (Docket #8 at 4). Defendants have ignored the injury and Plaintiff's pain and suffering over three years. (*Id.*) Based on the lack of treatment, aka surgery, Plaintiff claims that the Defendants have been deliberately indifferent. (*Id.*)

Plaintiff's allegations invoke his rights under the Eighth Amendment, which secures an inmate's right to medical care. Prison officials violate this right when they "display deliberate indifference to serious medical needs of prisoners." *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005) (quotation omitted). Deliberate indifference claims contain both an objective and a subjective component: the inmate "must first establish that his medical condition is objectively, 'sufficiently serious,'; and second, that prison officials acted with a 'sufficiently culpable state of mind,' – i.e., that they both knew of and disregarded an excessive risk to inmate health." *Lewis v. McLean*, 864 F.3d 556, 562–63 (7th Cir. 2017) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted)).

Deliberate indifference, however, equates to intentional or reckless conduct, not mere negligence. *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010). It occurs only when a defendant realizes that a substantial risk of serious harm to the prisoner exists, and then disregards that risk. *Id.* "Neither medical malpractice nor mere disagreement with a doctor's

medical judgment is enough to prove deliberate indifference." *Id.* at 441. Further, "[a] medical professional is entitled to deference in treatment decisions unless no minimally competent professional would have so responded under those circumstances." *Sain v. Wood*, 512 F.3d 886, 894–95 (7th Cir. 2008) (quotation omitted). Rather, a medical professional is deliberately indifferent only when his decisions are "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Id.* at 895 (quotation omitted).

Plaintiff offers no factual allegations regarding Tannan's involvement in his medical care, other than stating that Tannan was the primary caregiver. This is insufficient to impose constitutional liability. The same is true for McArdle. Plaintiff's amended complaint does not provide more information regarding Tannan's or McArdle's involvement in his medical care. Thus, the Court concludes that Plaintiff's amended complaint fails to state a valid claim for relief under the Eighth Amendment as to these defendants.

Further, as the Court already noted, Plaintiff does not allege facts against Tannan, McArdle, and Grossman apart from their denial of his requests for different or additional treatment. Plaintiff does not have a constitutional right to receive the treatment of his choosing. *See Forbes v. Edgar*, 112 F.3d 262, 266–67 (7th Cir. 1997). Plaintiff suggests that Tannan, McArdle, and Grossman were aware of his medical condition and refused to secure him surgery, but again, he has not alleged facts indicating that this was anything more than his preferred treatment. *Reynolds v. Barnes*, 84 F. App'x 672, 674 (7th Cir. 2003) ("[T]he Constitution does not mandate that a prisoner receive exactly the medical treatment he desires.") Therefore,

Plaintiff again fails to state a claim upon which relief can be granted. Because Plaintiff clearly failed to address the deficiencies in his original complaint, the Court finds that additional opportunity for amendment would be futile, *Foman v. Davis*, 371 U.S. 178, 182 (1962), and will therefore dismiss the case with prejudice.

Accordingly,

**IT IS ORDERED** that this action be and the same is hereby **DISMISSED with prejudice** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim; and

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within thirty days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of September, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge